UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY DEBENEDETTO, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action |
| v. ) | No. 26-10548-IT |
| ) | |
| FREDDIE BOWERS, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

February 6, 2026

TALWANI, J.

Petitioner Gary Debenedetto ("Petitioner" or "Debenedetto") is currently in custody at Federal Medical Center Devens ("FMC Devens") in Ayer, Massachusetts, following a court-ordered commitment pursuant to 18 U.S.C. § 4246. See United States v. Debenedetto, No. 5:14-02172 (E.D.N.C. Nov. 6, 2014), aff'd 618 Fed. App'x 751, 753-54 (4th Cir. Aug 18, 2015).[1]

On October 15, 2025, Debenedetto filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) with the United States District Court for the Northern District of Illinois. Debenedetto v. Bowers, No. 1:25-cv-12862 (N.D. Ill. Oct 15, 2025). He filed an Amended Petition (Doc. No. 3) on January 20, 2026, challenging the lawfulness of his civil commitment. Id.

---

[1] The court may take judicial notice of these proceedings. See Wiener v. MIB Group, Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting Law Offices of David Efron v. Matthews & Fullmer Law Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

On February 3, 2026, the case was ordered transferred to this district. Order (Doc. No. 4), No. 1:25-cv-12862 (N.D. Ill. Feb. 3, 2026). The transfer order states in part that because Debenedetto challenges his present custody, the proper venue for his Section 2241 petition is the District of Massachusetts, the district of confinement. Id.

Debenedetto's amended petition has not been served pending the court's preliminary review of the pleading. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[2]

Habeas relief under 28 U.S.C. § 2241 is an extraordinary remedy typically available only when "the petitioner has no other remedy." Cockerham v. Boncher, No. 1:22-cv-11159-ADB, 2023 WL 5179248, at *3 (D. Mass. Aug. 11, 2023) (citing Archuleta v. Hedrick, 265 F.3d 644, 648 (8th Cir. 2004)). Here, Debenedetto has another remedy pursuant to 18 U.S.C. § 4247(h) which provides:

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of subsection (e) of section 4241, 4244, 4245, 4246, or 4248, or subsection (f) of 4243, counsel for the person or his legal guardian may, at any time during such person's commitment, file **with the court that ordered the commitment** a motion for a hearing to determine whether the person should be discharged from such facility….

Id. (emphasis added).

Here, Petitioner seeks release because he believes his civil commitment under § 4246 is unlawful. See generally Doc. No. 3. As such, a discharge motion under 18 U.S.C. § 4247(h) filed

---

[2] The rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Proceedings. Under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; see McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

with the court that ordered the commitment is the appropriate vehicle for relief. See Garcia v. Spaulding, 324 F. Supp. 3d 228, 235 (D. Mass. 2018) (noting that 18 U.S.C. § 4247(h) is the appropriate vehicle for a patient who challenges the validity of his confinement and seeks to be discharged). The court's records indicate that Debenedetto is presently challenging the fact of his confinement before the committing court. See Debenedetto v. Bowers, No. 5:25-02155 (E.D.N.C.).

Because relief is available under § 4247(h) from the committing court and a proceeding already pending there, this court will dismiss the case for lack of jurisdiction. See Phelps v. Haas, No. 06-cv-40163, 2007 WL 2827416, at *1 (D. Mass. Sep. 26, 2007) (dismissing habeas petition under § 2241 because "[t]o the extent that [petitioner's] claim in this petition challenges the basis for the decision to commit him, this claim must be brought in the committing court" (citing 18 U.S.C. § 4247(h)); Commey v. Grandolsky, 2 F. Supp. 3d 48, 49 (D. Mass. 2014) (transferring habeas petition challenging continued confinement to committing court) (citing 18 U.S.C. § 4247(h)); Cockerham, 2023 WL 5179248, at *3 (dismissing habeas petition because petitioner could challenge confinement under 18 U.S.C. § 4247(h)); Timms v. Johns, 627 F.3d 525, 531-33 (4th Cir. 2010) (finding district court should have refused to exercise jurisdiction over a habeas petition where the statutory scheme under which he was committed provided alternative remedies).

Accordingly, the court DENIES the amended petition filed pursuant to 28 U.S.C. § 2241 and DISMISSES this action. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

February 6, 2026                    /s/ Indira Talwani           
                                    INDIRA TALWANI
                                    UNITED STATES DISTRICT JUDGE